

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CLARENCE LOMAX,**

Petitioner,

v.                                                              Civil Action No. **3:13CV567**

**ERIC WILSON,**

Respondent.

**MEMORANDUM OPINION**

Clarence Lomax, a federal inmate proceeding *pro se*, brings this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241[1] (ECF No. 1).  The Magistrate Judge issued a Report

and Recommendation wherein he recommended dismissing the action for want of jurisdiction.

Lomax has not filed objections.

## I.    REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendations:

### A.    Procedural History and Summary of Lomax's Claim

Following a bench trial, the Court convicted Lomax of possession of
cocaine base with intent to distribute, possession of heroin, possession of cocaine
base, possession of a firearm in furtherance of a drug trafficking crime, and two
counts of possession of a firearm by a convicted felon.  *United States v. Lomax,*

---

[1] That statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless—
**(1)** He is in custody under or by color of the authority of the United States or
is committed for trial before some court thereof; or
**(2)** He is in custody for an act done or omitted in pursuance of an Act of
Congress, or an order, process, judgment or decree of a court or judge of the
United States; or
**(3)** He is in custody in violation of the Constitution or laws or treaties of the
United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

293 F.3d 701, 703 (4th Cir. 2002); Judgment in a Criminal Case at 1, *United States v. Lomax*, No. 3:00CR00406–001, (E.D. Va. filed June 15, 2001). The Court "sentenced Lomax as an armed career criminal to concurrent terms of 210 months [of] imprisonment on various drug and firearms offenses, and to a consecutive term of 60 months [of] imprisonment on the § 924(c) violation." *Lomax*, 293 F.3d at 703.

In his § 2241 Petition, Lomax contends that his sentence is unconstitutional in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[2] Specifically, Lomax states:

> The Petitioner was enhanced by statute pursuant to 18 U.S.C. § 924(e), the ("ACCA") Armed Career Criminal Act. The Petitioner was found guilty of firearm possession, 18 U.S.C. § 922(g)(1). The district court enhanced the sentence above the mandatory minimum of 60 months. The (DC) increased the mandatory minimum sentence by the use of a mandatory 15 yr. minimum [pursuant to] statute 18 U.S.C. § 924(e). [B]ecause mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. *Alleyne* supra . . . .

(§ 2241 Pet. 6 (punctuation and spelling corrected).)[3]  Lomax demands to be resentenced.   (*Id.* at 13.)   For the reasons set forth below, the Court RECOMMENDS that this action be DISMISSED FOR WANT OF JURISDICTION.

**B.   Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

---

[2]  In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. at 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

[3]  The Court employs the pagination assigned to the § 2241 Petition by the Court's CM/ECF docketing system.

2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

**C.      Analysis of Lomax's 28 U.S.C. § 2241 Petition**

Lomax fails to satisfy the second prong of *In re Jones. See id.* at 334. Specifically, Lomax fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Lomax stands convicted, possession of cocaine base with intent to distribute, possession of heroin, possession of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon, is still criminal. *See Mabry v. Wilson*, __ F. App'x __, No. 14-6430, 2014 WL 3766729, at *1 (4th Cir. Aug. 1, 2014) (concluding the decision in *Alleyne* fails to provide a basis for seeking relief under § 2241); *Alsop*

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

v. *Chandler*, 551 F. App'x 217, 218-19 (5th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis for challenging convictions for distribution of cocaine base and conspiracy to distribute cocaine base under § 2241); *Williamson v. Wilson*, No. 3:13CV525, 2014 WL 5023279, at *2 (E.D. Va. Oct. 7, 2014); *see also Parris v. Wilson*, 575 F. App'x 169, 169 (4th Cir. 2014). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34).[5]

Accordingly, it is RECOMMENDED that the action be DISMISSED FOR WANT OF JURISDICTION.

(Nov. 20, 2014 Report and Recommendation (alterations and omissions in original).)  The Court advised Lomax that he could file objections within fourteen (14) days after the entry of the Report and Recommendation.  Lomax has not responded.

## II.    STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)).  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

---

[5] Recently, a panel of the Fourth Circuit appeared to retreat from this position and "expressly [decided not to] decide whether the savings clause in § 2255(e) might justify relief from a . . . sentencing error through the filing of a § 2241 petition," but noted that the United States Court of Appeals for the Eleventh Circuit "recently permitted a federal inmate to use § 2255(e) to bring a § 2241 petition challenging the legality of his sentence." *Whiteside v. United States*, 748 F.3d 541, 547 n.4 (4th Cir. 2014) (citing *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013)).  *But cf. Spencer v. United States*, __ F.3d __, No. 10-10676, 2014 WL 6234529, at *4-5 (11th Cir. Nov. 14, 2014) (rejecting the assertion that errors in applying the U.S. Sentencing Guidelines  may constitute a fundamental miscarriage of justice).  However, the panel decision in *Whiteside* was vacated and the matter was set for rehearing en banc.  *See Whiteside v. United States*, 578 F. App'x 218, 218 (4th Cir. 2014).

*Thomas v. Arn*, 474 U.S. 140, 147 (1985).   In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.   CONCLUSION

On July 7, 2014, Lomax moved to the supplement his § 2241 Petition with further argument in support of his § 2241 Petition.  Lomax's Motion to Supplement (ECF No. 6) will be GRANTED.  Nevertheless, Lomax's argument in the Motion to Supplement fails to alter the conclusion that the Court lacks jurisdiction over the present action.

There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED.  The action will be DISMISSED FOR LACK OF JURISDICTION.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-29-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

5